# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# MISSOULA DIVISION

| | |
|---|---|
| WILLIAM LARRY WEAVER, | Cause No. CV-06-94-DWM-JCL |
| Petitioner, | |
| vs. | ORDER TO SERVE CLAIM ONE AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY CLAIMS TWO, THREE AND FOUR |
| ATTORNEY GENERAL OF THE STATE OF MONTANA | |
| Respondent. | |

Currently pending before the Court is William Larry Weaver's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (Document 1); Weaver's Motion to Appoint Counsel (Document 3); and Weaver's Motion for FBI Reports (Document 6). Weaver is proceeding pro se.

## A. PARTIES

Petitioner William Larry Weaver is a state prisoner incarcerated at the Hancock State Prison in Sparta, Georgia. According to the Georgia Department of Corrections website, Petitioner is currently serving a life sentence on Georgia state charges of escape, child molestation and rape. After having been convicted and incarcerated in Georgia, Weaver was extradited to Montana where he was tried for, and convicted of deliberate homicide in the 1993

ORDER TO SERVE CLAIM ONE AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY CLAIMS TWO, THREE AND FOUR / PAGE 1

death of James Fremou near Missoula, Montana. Weaver contests the Montana convictions.

While Petitioner did not specifically name a respondent, he utilized the Court's form which lists the Attorney General of the State of Montana as a respondent. The Montana Attorney General has not been served with this Petition and has not been ordered to file an answer or other responsive pleading.

Rule 2(b) of the Rules Governing Section 2254 Cases provides that, "[i]f the petitioner is not yet in custody–but may be subject to future custody–under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered." Accordingly, the Court will have the Clerk add Warden David Frazier, Hancock State Prison as a Respondent in this matter.

## B. GROUNDS FOR RELIEF

Petitioner has listed four grounds for relief. Ground one alleges ineffective assistance of trial counsel. (Document 1-1, p. 4, ¶ 15(A)(1)). Petitioner alleges that his trial counsel failed to interview or subpoena certain witnesses to appear and testify at trial; failed to submit a scientific entomologist "bug" report which would have indicated that the date of the homicide was at a time when the alleged murder weapon was in a pawn shop; and only visited with Petitioner three times for 20 minutes prior to the trial. Petitioner exhausted these claims in his appeal of the denial of his petition for post-conviction relief. See Weaver v. State, 327 Mont. 441, 114 P.3d 1039, 2005 MT 158 (Mont. 2005).

Ground two alleges ineffective assistance of Weaver's post-conviction attorney for failing to obtain the testimony of more than twenty witnesses who could have proven that a different

verdict would have been reached at trial if Weaver's trial counsel had called these witnesses. (Document 1-1, p. 5, ¶ 15(B)(1)). Petitioner alleges that his wife could have testified that Petitioner was at home at the time of the homicide. Petitioner contends that John McKean could have testified that he never left his gun at Petitioner's house because it was in the pawn shop at the time of the homicide. This claim was not raised in Petitioner's state court proceedings.

Petitioner's third ground for relief is that the Montana State Court did not have jurisdiction to prosecute him for a murder which he alleges took place on federal land. (Document 1-1, p. 5, ¶ 15(C)(1)). This claim was not raised in Petitioner's state court proceedings.

Petitioner's fourth ground for relief is that he was denied due process of law when he was extradited from Georgia to Montana. (Document 1-1, p. 6, ¶ 15(D)(1)). Petitioner alleges that the Missoula County Attorney's Office sent two Montana detectives to a Georgia Prison to bring Petitioner back to Montana. He contends that his constitutional rights to due process of a judicial "Cuyler" hearing was denied before his transfer back to Montana. He also alleges that he did not get an extradition hearing. He contends that a judge's permission is needed in order to transfer a prisoner out of state in a case where the death penalty can be handed down. In addition, he alleges that at the time he was extradited he had a pending petition for writ of habeas corpus challenging his Georgia convictions. Petitioner submitted the State's Response to his Petition for Post-conviction relief which quotes from a November 25, 1997 hearing where Petitioner discussed with the trial court his desire to file a motion regarding this issue. (Document 1, Attachment 1–Proof of Exhaustion). There is no indication that this claim was ever raised in the Montana Supreme Court.

ORDER TO SERVE CLAIM ONE AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY CLAIMS TWO, THREE AND FOUR / PAGE 3

Petitioner's final claim is one of prosecutorial misconduct. (Document 1-1, p. 7, ¶ 15(D)(1)). He alleges that the prosecutor acted inappropriately by making a deal with Georgia state prisoner, Anthony "Shorty" Dye, to testify against Weaver in exchange for Dye's early release from prison. Petitioner contends that Dye lied when he testified that Petitioner had played a part in the murder. Petitioner did not raise this claim in his state court proceedings.

## C. ANALYSIS

### 1. Preliminary Screening of Habeas Petition

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id. If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or "to take other action the judge may order." Id.

The Court will have the Clerk serve Petitioner's first ground for relief upon Respondents but is recommending that Petitioner's other claims be denied.

### 2. Claims to be Denied[1]

#### a. Ineffective Assistance of Post-Conviction Counsel

Petitioner's second claim that he received ineffective assistance of counsel during his

---

[1] The Court has chosen to examine the merits of Petitioner's second, third and fourth claims despite the fact that these claims have not been adequately exhausted, they are procedurally defaulted and barred by the applicable statute of limitations. See 28 U.S.C. § 2254(b)(2) (petition may be denied on the merits notwithstanding failure to exhaust); Green v. White, 223 F.3d 1001, 1003-1004 (9th Cir. 2000)(AEDPA's statute of limitations is not jurisdictional).

ORDER TO SERVE CLAIM ONE AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY CLAIMS TWO, THREE AND FOUR / PAGE 4

post-conviction proceedings fails to state a claim. "There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." Coleman v. Thompson, 501 U.S. 722, 752, 111 S.Ct. 2546 (1991) (citing Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); Murray v. Giarratano, 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989); Wainwright v. Torna, 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982)).

Thus, this claim should be dismissed.

### b. Jurisdiction

Petitioner's third claim that the State of Montana did not have jurisdiction to prosecute him for a murder which he alleges took place on federal land is frivolous. Pattee Canyon, where the murder occurred, is a part of Lolo National Forest. It is not a national park. Even if the murder occurred on federal land as alleged by Petitioner, this does not deprive the State of Montana from exercising criminal jurisdiction over the area. See Mont. Code Ann. § 2-1-210(2). Petitioner's claim that the case was necessarily a federal case until a full criminal homicide investigation report was made by federal authorities is without merit. Petitioner's cites to (and the Court is unaware of) any authority requiring such a report in this instance. Accordingly, this claim should be dismissed

### c. Prosecutorial Misconduct

There are two parts to Petitioner's fourth ground for relief. First he alleges that it was improper to extradite him from Georgia without a hearing before a judge. "Allegations of an abduction by the asylum state are insufficient to challenge its jurisdiction over one otherwise validly subject to its process." Bullis v. Hocker, 409 F.2d 1380, 1382 (9th Cir. 1969) (citing

Mahon v. Justice, 127 U.S. 700, 705 (1888); In re Johnson, 167 U.S. 120, 125 (1897); Ker v. Illinois, 119 U.S. 436 (1952); Frisbie v. Collins, 342 U.S. 519 (1952)); see also Lascelles v. Georgia, 148 U.S. 537, 544 (1893) ("The jurisdiction of the court in which the indictment is found is not impaired by the manner in which the accused is brought before it."), quoted in Harden v. Pataki, 320 F.3d 1289, 1296 (11th Cir. 2003).

The fact that Weaver contests the manner in which he was brought to Montana does not invalidate his murder conviction. Such a claim may only be brought in an action under 42 U.S.C. § 1983. See, e.g., Harden, 320 F.3d at 1300 (citing Draper v. Coombs, 792 F.2d 915, 921 (9th Cir. 1986)); Eldridge v. Block, 832 F.2d 1132, 1137-38 (9th Cir. 1987). The Court notes that Petitioner has filed a § 1983 claim alleging interference with his right to access to the courts as a result of his transport to stand trial in Montana. This claim was denied in Civil Action CV-99-32-M-LBE and the denial was affirmed by the Ninth Circuit Court of Appeals on June 1, 2001. See Weaver v. Crego, 10 Fed. Appx. 602 (9th Cir. 2001).

Secondly, Petitioner alleges that it was prosecutorial misconduct to make "a deal with a Georgia state prisoner to testify against me for his early release from prison to lie and say that I had a part in a murder when I did not." (Document 1, p. 7). The knowing use of perjured testimony would amount to prosecutorial misconduct. "[A] conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." U.S. v. Agurs, 427 U.S. 97, 103, 96 S.Ct. 2392, 2397 (1976) (footnote omitted).

However, there is no factual basis for the claim. It is not improper to make a deal with an inmate to testify against another inmate. Petitioner would only be entitled to relief if he could

ORDER TO SERVE CLAIM ONE AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY CLAIMS TWO, THREE AND FOUR / PAGE 6

conclusively demonstrate that Anthony Dye (the snitch) lied at trial and the prosecution knew that his testimony was perjured. As this claim was not raised in the state court there is no factual basis in this court. This Court cannot conduct an evidentiary hearing on this issue pursuant to 28 U.S.C. § 2254(e)(2) which provides that,

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
> (A) the claim relies on--
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> 
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Petitioner has stated nothing to indicate that the factual predicate of this claim could not have been previously discovered through the exercise of due diligence. In fact, the majority of the matters he contends provide support for this claim come from the trial transcript.

As Petitioner's has not established the factual basis of this claim, it fails on the merits and should be denied.

### 3. Claim to Serve

After a preliminary review, the Court cannot say that Petitioner's first ground for relief is conclusively and entirely without merit. See Rule 4, Rules Governing Section 2254 Proceedings in the United States District Courts. Thus, an answer will be required.

### D. PENDING MOTIONS

Weaver has filed a Motion to Appoint Counsel (Document 3) and a Motion seeking an Order to compel the FBI to produce all murder investigation reports. (Document 6).

ORDER TO SERVE CLAIM ONE AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY CLAIMS TWO, THREE AND FOUR / PAGE 7

### 1. Motion for Counsel

The Court has authority to appoint counsel pursuant to 18 U.S.C. § 3006A whenever the interests of justice so require. Unless an evidentiary hearing is required, the decision to appoint counsel in a 28 U.S.C. § 2254 proceeding is a discretionary matter. Terrovona v. Kincheloe, 852 F.2d 424, 429 (9th Cir. 1988). Generally, counsel should only be appointed when the circumstances of the case indicate that such appointment is necessary to prevent a due process violation. Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) cert. denied 481 U.S. 1023 (1987).

The Court will not appoint counsel at this point in the litigation. The Court is requiring the Respondents to file an Answer to Weaver's first ground for relief. The Court will review Respondents' Answer and determine whether the matter can be resolved on the record or whether an evidentiary hearing is necessary. Should a hearing be necessary, counsel will be appointed for Weaver. However, at this stage of the case, counsel is not necessary to prevent a due process violation.

### 2. Motion for FBI Reports

Rule 6 of the Rules Governing Section 2254 Cases in United States District Courts provides that a judge may, for good cause, authorize discovery. However, the Court has recommended the dismissal of Petitioner's claim regarding whether the state court had jurisdiction to prosecute Petitioner. Since Petitioner is only seeking to conduct discovery on a claim which has been recommended for dismissal he cannot establish good cause and the motion will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. The Clerk of Court shall add Warden David Frazier of Hancock State Prison as a Respondent in this matter.

2. The Clerk of Court shall serve Respondents Warden David Frazier of Hancock State Prison, P.O. Box 339, Sparta, GA 31087 and the Attorney General of the State of Montana by mailing to them copies of the Petition for Writ of Habeas Corpus (Document 1), Petitioner's Brief in Support of the Petition (Document 2); Petitioner's Motion to Appoint Counsel (Document 3); Petitioner's Notice of filing supplemental information (Document 7); a copy of this Order and Findings and Recommendation; and a copy of the Court's docket.

3. Respondents shall file an Answer to Ground One of the Petition for Writ of Habeas Corpus within forty-five (45) days after the entry date reflected on the Notice of Electronic Filing. Respondents are not required to address Petitioner's second, third and fourth grounds for relief as those claims are being recommended for denial. **A motion in lieu of an Answer is not permissible.** The Answer shall include the items detailed in Rule 5 of the Rules Governing Section 2254 Cases.

4. Respondents' Answer may be accompanied by a motion.

5. Within twenty days after Respondents serve the Answer, Petitioner may file a Reply to the Answer, limited to **ten (10) pages**, excluding exhibits. If Respondents also serve a motion, Petitioner may respond to it within twenty days after Respondents serve it. Petitioner's brief in response to any motion must be limited to **twenty (20) pages**, excluding exhibits. Respondents may file a reply in support of any motion in accordance with D. Mont. L.R. 7.1.

ORDER TO SERVE CLAIM ONE AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY CLAIMS TWO, THREE AND FOUR / PAGE 9

6. From this point forward, Petitioner shall serve upon counsel for Respondents a copy of every document submitted for the Court's consideration. A certificate of service must accompany each of Petitioner's submissions to the Court. The Court will not consider any document which has not been filed with the Clerk of Court or which fails to include a certificate of service.

7. Petitioner's Motion to Appoint Counsel (Document 3) is **DENIED**.

8. Petitioner's Motion for FBI Reports (Document 6) is **DENIED**.

Further, the Court enters the following:

### RECOMMENDATION

Weaver's second, third, and fourth grounds for relief should be **DENIED WITH PREJUDICE.**

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

The Clerk of Court shall serve a copy of these Findings and Recommendation on Petitioner. Petitioner is advised that, pursuant to 28 U.S.C. § 636(b)(1), he has the right to file written objections to this Findings and Recommendation. Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days after entry of this recommendation as indicated on the Notice of Electronic Filing attached hereto, or objection is waived.

**PETITIONER IS CAUTIONED THAT HE MUST KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS AND A FAILURE TO DO SO COULD RESULT IN A**

ORDER TO SERVE CLAIM ONE AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY CLAIMS TWO, THREE AND FOUR / PAGE 10

**DISMISSAL OF THIS CAUSE OF ACTION.**

DATED this 24th day of January, 2007.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge