FILED
MISSOULA, MT

2007 FEB 23 PM 3 34

PATRICK E. DUFFY

BY _____

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| WILLIAM LARRY WEAVER, | ) | CV 06-94-M-DWM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ATTORNEY GENERAL OF THE STATE | ) | |
| OF MONTANA and DAVID FRAZIER, | ) | |
| Warden of Hancock State Prison, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## I.  Introduction

Petitioner William Larry Weaver filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation on January 24, 2007.  Petitioner timely objected on February 2, 2007.  Petitioner therefore is entitled to de novo review of the record.  28 U.S.C. § 636(b)(1).  Judge Lynch recommended denying Petitioner's second, third, and fourth

-1-

grounds for relief with prejudice. Because I agree with Judge
Lynch's analysis, I adopt his Findings and Recommendation in
full. The Parties are familiar with the procedural history and
the factual background so they will not be restated here.

## II.  **Analysis**

Petitioner's second ground for relief alleges he was denied
effective assistance of counsel during post-conviction
proceedings. In his objections, Petitioner argues this ground
for relief should not be denied because Petitioner relayed all
relevant information to his post-conviction counsel and
Petitioner should not be held responsible for counsel's failure
to raise important issues. The constitution, however, does not
guarantee individuals the right to an attorney in state post-
conviction proceedings. Coleman v. Thompson, 501 U.S. 722, 752
(1991). Therefore, Petitioner's claim that his constitutional
right to effective assistance of post-conviction counsel was
violated fails to state a claim. Id.

Petitioner's third ground for relief alleges the State of
Montana did not have jurisdiction to prosecute him because the
crime occurred on federal land. Petitioner notes the crime
occurred in Pattee Canyon, which Petitioner alleges is a federal
game reserve protected by the federal government. As Judge Lynch
correctly determined, however, Pattee Canyon is located in the
Lolo National Forest and the State of Montana has jurisdiction

-2-

over crimes that occur on national forest land within the State's boundary.  16 U.S.C. § 480; Mont. Code Ann. § 2-1-210(2); see also United States v. Raffield, 82 F.3d 611, 613 (4th Cir. 1996) (noting United States and State have concurrent jurisdiction over national forest lands).

In his fourth ground for relief, Petitioner claims the State of Montana improperly extradited him from Georgia to face charges in Montana.  Petitioner asserts he had a petition for writ of habeas corpus pending in Georgia at the time of his extradition and, under Georgia law, a person cannot be extradited while such an action is pending.  Even if Petitioner's extradition was unlawful, Montana state courts would not have been deprived of jurisdiction to prosecute Petitioner for crimes committed in Montana.  See Lascelles v. Georgia, 148 U.S. 537, 544 (1893). Therefore, Petitioner's unlawful extradition claim cannot be used to invalidate his conviction.  Instead, the appropriate forum to challenge an alleged unlawful extradition is in an action brought pursuant to 42 U.S.C. § 1983.  Harden v. Pataki, 320 F.3d 1289, 1300 (11th Cir. 2003).  As Judge Lynch noted, Petitioner filed such an action and his claim was denied.

### III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation are adopted in full.  The second, third, and fourth grounds for relief identified in Petitioner's

-3-

Petition for Writ of Habeas Corpus are DENIED WITH PREJUDICE.

Dated this __23rd__ day of February, 2007.

_____
Donald W. Molloy, Chief Judge
United States District Court